**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 07-00444 MMM | Date | January 28, 2009 |
|---|---|---|---|

| Present: The Honorable | MARGARET M. MORROW |
|---|---|
| Interpreter | N/A |

| ANEL HUERTA | N/A | Jeff P. Mitchell |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Magdalena Santana Ramirez | NOT | ✗ | | Kenneth M. Stern | NOT | ✗ | |

| Proceedings: | Order Granting Defendant's Motion to Permit Late Filing of Notice of Appeal |
|---|---|

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The court entered a judgment and commitment order in this case on June 27, 2008. Thus, under Rule 4(b) of the Federal Rules of Appellate Procedure, defendant had until July 7, 2008 to file a notice of appeal. Defendant requested that her then-counsel Philip Deitch file a notice of appeal.[1] Deitch did not do so, however. Defendant filed a notice of appeal *pro se* on July 24, 2008, more than 10 court days after entry of judgment, but less than 30 calendar days after expiration of the time to file a notice of appeal. See FED.R.APP.PROC. 4(b)(4) ("Upon a finding of excusable neglect or good cause, the district court may – before or after the time has expired, with or without motion and notice – extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)").

On August 29, 2008, the Ninth Circuit issued an order remanding the case to district court for the limited purpose of permitting the court to provide defendant with notice and an opportunity to request that the time for filing a notice of appeal be extended for a period not to exceed 30 calendar days from the expiration of the time for filing such a notice based on a showing of excusable neglect.

On October 7, 2008, pursuant to the Ninth Circuit's order, the court issued an order giving defendant notice and an opportunity to request an extension of the time for filing a notice of appeal. The order directed

---

[1] Defendant's Notice of Motion for Court to Permit Late Filing of Notice of Appeal ("Mot.") at 3.

that counsel for defendant file any application for an extension of time to appeal on or before October 17, 2008, and support the application by a showing of excusable neglect.

As of November 5, 2008, counsel for defendant had not filed an application for extension of defendant's time to appeal. Accordingly, the court issued an order stating that defendant's time for filing such an application had expired.

On December 16, 2008, the Ninth Circuit granted Deitch's motion to be relieved as counsel of record for defendant, and remanded the case to district court a second time for the limited purpose of permitting the court to give defendant notice and an opportunity to request that the time for filing a notice of appeal be extended for a period not to exceed 30 calendar days from the expiration of the time for filing such a notice based on a showing of excusable neglect.

On January 15, 2009, pursuant to the Ninth Circuit's order, the court issued an order granting defendant until February 2, 2009 to request an extension of time to file a notice of appeal. On January 27, 2009, defendant filed the present motion, seeking such an extension. Defendant asserts that excusable neglect justifies granting the extension. She argues that, as she was incarcerated and requested that her counsel file a notice of appeal, she did all that she could do under the circumstances to file a timely notice of appeal.[2] She also requests that, if the court grants her an extension of time to file a notice of appeal, it deem her July 24, 2008 notice of appeal timely filed *nunc pro tunc*.[3]

## II. DISCUSSION

The court finds that defendant has shown excusable neglect. "Excusable neglect is shown when the appellant has done 'all he could do under the circumstances' to perfect an appeal within the time prescribed by the rules." *United States v. Houser*, 804 F.2d 565, 569 (9th Cir. 1986) (citing *United States v. Avendano-Camacho*, 786 F.2d 1392,1394 (9th Cir. 1986). Defendant's counsel did not respond to her request to file a timely notice of appeal. She therefore filed an untimely *pro se* notice of appeal. As defendant was incarcerated, there was little else she could have done under the circumstances to perfect an appeal. See *id*. ("Houser, an incarcerated prisoner, advised the district court that he relied on his attorney to file a timely notice of appeal. According to Houser's motion, upon being advised that his attorney had failed to do so, he sent a notice of appeal to the court accompanied by a declaration setting forth the reasons for the delay. The facts established excusable neglect in that they support a conclusion that Houser did all that he could do to file a timely notice of appeal under the circumstances").

The court therefore grants defendant an extension of the time for filing a notice of appeal to thirty days after the expiration of the time for filing a notice of appeal. See FED.R.APP.PROC. 4(b)(4). Because defendant's prior notice of appeal was filed within this thirty day time period, the court deems the notice of

---

[2]*Id*. at 5-6.

[3]*Id*. at 4.

appeal timely filed *nunc pro tunc*. See *United States v. Layton*, 855 F.2d 1388, 1415 (9th Cir. 1988) ("[W]hen a notice of appeal is filed within the 30-day extension period during which a motion to extend time may be filed, the district may grant a subsequently filed motion to extend time, thereby validating the notice of appeal *nunc pro tunc*").